THE NATIONAL CITY BANK OF NEW YORK, Appellant, v. MICHAEL PILUSO and PAULINE PILUSO, Respondents.— In an action to recover on a demand promissory note, order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. Plaintiff holds the demand note of defendant Michael Piluso, a collateral agreement, and the securities pledged therewith. Under the agreement plaintiff has the right, upon default, to sell the securities and apply the proceeds to the indebtedness of defendant Michael Piluso or to refrain from selling, at its option. Said defendant in an affidavit states, that on a day when payment was demanded of him plaintiff agreed to sell the securities that day and apply the proceeds of the sale to his indebtedness, provided he would execute a market order authorizing the sale of the securities at the then market prices, and provided further that he would execute an indorsement transferring the securities. He performed, but plaintiff did not sell the securities at the agreed time. Plaintiff does not admit the making of the agreement, but contends, if made, it is unenforcible because it lacked consideration, for the reason that plaintiff received no benefit and said defendant suffered no detriment not existing under the terms of the original note agreement. Consideration is not to be discovered in the value of benefit and detriment, in fact, flowing to the parties. If plaintiff desired the execution of the documents by defendant Michael Piluso for its own advantage and had no previous right thereto, compliance with the desire is, in law, a benefit sufficient to establish consideration. (Williston Contracts, § 102-a; *Hamer* v. *Sidway*, 124 N. Y. 538.) There remain for trial the issues as to the making of the alleged agreement and the intention of the parties with respect to acquisition and surrender of a right. Lazansky, P. J., Young and Adel, JJ., concur; Taylor, J., with whom Hagarty, J., concurs, dissents and votes for reversal and the granting of plaintiff's motion, with the following memorandum: My view is that in law there was no consideration for the plaintiff's alleged agreement of May 8, 1931, in pursuance of which plaintiff undertook to make immediate sale of the pledged securities and to apply the proceeds on defendant Michael Piluso's note. The pleaded consideration, namely, his execution and delivery to plaintiff of an order directing plaintiff to sell the said securities at the market price prevailing on that day, accorded plaintiff no right in relation to the securities which it did not theretofore possess. For this reason at least the agreement was void; no binding obligation of plaintiff arose; its promise to sell was *nudum pactum*.